UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:22-CR-72-KAC-DCP |
| ) | |
| JOHNNIE WASHINGTON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REVOKE DETENTION ORDER**

Before the Court is Defendant's "Motion to Revoke Magistrate Judge's Detention Order" [Doc. 16]. Upon de novo review, the undersigned denies Defendant's "Motion to Revoke Magistrate Judge's Detention Order" [Doc. 16] because no condition or combination of conditions would reasonably assure the safety of any other person and the community.

**I.    Background**

On May 25, 2022, the United States filed a Criminal Complaint against Defendant, accusing him of possessing with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Doc. 1]. On that same day, Defendant made his initial appearance before Magistrate Judge Debra C. Poplin and waived his right to a detention hearing [Docs. 2, 5]. Magistrate Judge Poplin ordered that Defendant be detained [Doc. 6]. Thereafter, Defendant filed a "Motion for Release from Detention" [Doc. 13]. Magistrate Judge Poplin held a detention hearing on June 23, 2022 [Doc. 14]. Magistrate Judge

Poplin ordered that Defendant remain detained [Doc. 15]. On July 11, 2022, Defendant filed a "Motion to Revoke Magistrate Judge's Detention Order" under 18 U.S.C. § 3145(b) [Doc. 16].

Nine (9) days later, on July 20, 2022, the United States filed an Indictment against Defendant [Doc. 17]. Count One charged him with conspiring to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and of conspiring to distribute four hundred grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 17 at 1]. Count Two charged him with possessing with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [*Id.* at 1-2]. Count Three charged Defendant with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) [*Id.* at 2]. On October 31, 2022, the Court ordered the United States to respond to Defendant's "Motion to Revoke" [Doc. 25]. The United States filed a Response in opposition on November 14, 2022 [Doc. 27].

**II.     Analysis**

If a person is ordered detained by a magistrate judge, that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the detention order under 18 U.S.C. § 3145(b). The district court must generally review the magistrate judge's detention order de novo and may do so without a hearing. *See United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000) (affirming district court's de novo review concluded without a hearing); *see also United States v. Williams*, No. 2:20cr-142, 2020

WL 6866404, at *2-5 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo without a hearing).

The district court must assess defendant's detention status under the provisions of 18 U.S.C. § 3142. *See Romans*, 2000 WL 658042, at *1. Under Section 3142(e)(1), a defendant shall be detained pending trial if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The factors to be considered in determining whether to detain a defendant pursuant to Section 3142(e) are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g); *see also United States v. Webb*, No. 00-6368, 2000 WL 1721060, at *1 (6th Cir. Nov. 6, 2000) (affirming district court's application of the Section 3142(g) factors when conducting a de novo review of magistrate judge's order).

Moreover, under Section 3142(e)(2), it shall be presumed (subject to rebuttal) that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the district court finds that there is probable cause to believe that the person committed certain enumerated offenses listed in Section 3142(e)(A)-(E). *See Webb*, 2000 WL 1721060, at *1. Here, it is undisputed that the presumption applies [Doc. 16

3

at 2, 9]. To rebut the presumption, Defendant must come forward with some evidence that he does not pose a danger to the community or a risk of flight. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." (citations omitted)). Here, Defendant has presented evidence that he has a willing third-party custodian and employment available upon release, and that he is willing to subject himself to GPS monitoring and drug testing [Doc. 16 at 9]. Therefore, Defendant has satisfied his burden of production. *See Stone*, 608 F.3d at 945. However, "[e]ven when a defendant satisfies his burden of production . . . 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2010)).

### A. Nature and Circumstances of the Offense Charged

The Court first considers the nature and circumstances of the charged offenses, including whether the crime "involves a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Defendant is charged with conspiring to distribute and possessing with intent to distribute fifty (50) grams or more of methamphetamine and 400 grams or more of a substance containing fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A) [Doc. 17 at 1-2].

These are serious crimes. Fentanyl and its analogues are deadly drugs. As little as two milligrams of fentanyl can be lethal. *United States v. Marshall*, Case No. 18-cr-20491, 2020 WL 5369038, at *3 (E.D. Mich. Sep. 8, 2020). Methamphetamine trafficking also presents a substantial risk to human life. *See, e.g.*, *United States v. Gabriele*, No. 17-20754, 2018 WL 914931, at *2 (E.D. Mich. Feb. 16, 2018) ("[Defendant's methamphetamine-related] offenses are

4

unquestionably serious as they involved a substantial risk to human life resulting from her untreated substance abuse."). Possessing a firearm in furtherance of drug trafficking makes an already dangerous situation worse. Further, all Defendant's charged offenses give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the violator or the safety of the community, evincing congressional concern about the nature and circumstance of such offenses. 18 U.S.C. §§ 3142(e)(3)(A), (B); *see Stone*, 608 F.3d at 945 (indicating that the presumption favoring detention should factor into courts' Section 3142 analysis). Accordingly, this factor weighs strongly in favor of detention.

### B. Weight of the Evidence of Defendant's Dangerousness

The Court next considers the weight of the evidence of Defendant's dangerousness. *See* 18 U.S.C. § 3142(g)(2); *Stone*, 608 F.3d at 948. Because the United States has presented evidence that Defendant conspired to distribute fentanyl and methamphetamine, possessed those drugs with the intent to distribute them, and possessed a firearm in furtherance of that trafficking, the weight of Defendant's dangerousness to himself, the public, and the community is strong and reinforces the need for detention.

At Defendant's detention hearing, the United States presented evidence that there were bulk quantities of fentanyl and methamphetamine at a residence Defendant frequented along with drug trafficking tools and a loaded firearm [Doc. 15 at 3]. And Defendant was apprehended with methamphetamine and suspected fentanyl on his person [*Id.*]. It is alleged that Defendant was involved in this activity despite being on pretrial release in Michigan for illegally carrying a concealed weapon [Docs. 27 at 2, 16 at 7]. And it appears that Defendant admits—or plans to admit—that he illegally carried a concealed weapon as charged [Doc. 16 at 17]. The evidence of Defendant's dangerousness is therefore great.

5

### C. History and Characteristics of Defendant

The Court also considers factors relating to the history and characteristics of Defendant. 18 U.S.C. § 3142(g)(3). Defendant is in good physical health but suffers from depression [Doc. 16 at 4]. He previously lived with his fiancée and four (4) children [*Id.* at 3]. He has a good relationship with his future in-laws, whom he proposes to live with upon release [*Id.* at 5]. He appears to have had employment during his life [*Id.* at 6]. But it appears that Defendant allegedly committed the instant offenses when he was on pretrial release for illegally carrying a concealed weapon [Doc. 16 at 7]. This alleged further criminal conduct—involving a firearm—while on pretrial release for a firearm offense causes the Court great concern for the safety of the community if Defendant is released. Accordingly, this factor weighs against Defendant's release. *See* 18 U.S.C. § 3142(g)(3)(B).

### D. Nature and Seriousness of Danger Posed to Community by Defendant's Release

Finally, the Court considers the nature and seriousness of the danger posed to the community by Defendant's release. 18 U.S.C. § 3142(g)(4). As discussed above, Defendant allegedly committed the instant dangerous offenses—involving a firearm—while on pretrial release for an offense involving a firearm [Docs. 27 at 2, 16 at 7]. Defendant's own conduct shows that his pretrial release would pose a danger to the community. *See, e.g.*, *United States v. Hernandez*, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2022) ("[T]he risk of continued drug-trafficking while released on bail constitutes a significant danger to the community.")

### III. Conclusion

Based on the foregoing, no condition or combination of conditions would reasonably assure the safety of the community. Accordingly, the Court **DENIES** Defendant's "Motion for Revocation of Detention Order" [Doc. 16].

6

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

7

Case 3:22-cr-00072-KAC-DCP   Document 30   Filed 11/22/22   Page 7 of 7   PageID #: 84